# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# Fresno Division

| | |
|---|---|
| WILLIE HAMPTON,<br>CDCR #V-26407,<br><br>                              Plaintiff,<br><br>vs.<br><br>J. YATES;<br>F. IGBINOSA,<br><br>                              Defendants. | Civil No.   1:08cv01493 JLS (AJB)<br><br>**ORDER PROVIDING PLAINTIFF NOTICE OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO** ***WYATT v. TERHUNE*** **AND SETTING BRIEFING SCHEDULE** |

Plaintiff, a state prisoner proceeding pro se first filed this civil rights action in Fresno County Superior Court alleging violations of his constitutional rights occurring at Pleasant Valley State Prison. On October 8, 2008, Defendants file a Notice of Removal pursuant to 28 U.S.C. § 1441(b).

On November 26, 2008, the case was assigned to this Court [Doc. No. 8]. On February 25, 2009, the Court sua sponte dismissed Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A(b), but granted Plaintiff an opportunity to amend [Doc. No. 8]. On March 25, 2009, Plaintiff filed an Amended Complaint [Doc No. 9], and on March 31, 2009, the United States Marshal was directed to effect service on Plaintiff's behalf [Doc. No. 12].

On August 24, 2009, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to FED.R.CIV.P. 12(b) [Doc. No. 15]. Defendants move to dismiss solely on grounds that Plaintiff failed to exhaust administrative remedies prior to suit pursuant to 42 U.S.C. § 1997e(a).

"In deciding a motion to dismiss for a failure tot exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (per curiam)). If the court looks beyond the pleadings when deciding a motion to dismiss for failure to exhaust, "a procedure closely analogous to summary judgment," the Court "must assure that [the plaintiff] has fair notice of his opportunity to develop a record." *Id.* at 1120 n.14; *see also Marella v. Terhune*, 568 F.3d 1024, 1028 (9th Cir. 2009) (remanding case to district court where court failed to "effectively give [plaintiff] fair notice that he should have submitted evidence regarding exhaustion of administrative remedies.")

Accordingly, Plaintiff is hereby provided with notice that Defendants have asked the Court to dismiss his case because he failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). Plaintiff is further advised of his opportunity to include in his Opposition to Defendants' Motion whatever arguments and documentary evidence he may have to show that he did, in fact, exhaust all administrative remedies as were available to him prior to filing suit. *See Wyatt*, 315 F.3d at 1119-21; *Marella*, 568 F.3d at 1028.

**Conclusion and Order**

Accordingly, the Court sets the following briefing schedule:

1) Plaintiff, if he chooses, may file an Opposition to Defendants' Motion to Dismiss [Doc. No. 15], and serve it upon Defendants' counsel of record no later than **Thursday, November 5, 2009.**

2) Defendants may file a Reply to Plaintiff's Opposition, and serve it upon Plaintiff no later than **Thursday, November 12, 2009.**

///

1   The Court will consider the matter fully briefed as submitted on the papers as of
2 **Thursday, November 19, 2009**, and will thereafter issue a written Order ruling on Defendants'
3 Motion without holding any oral argument.
4   **IT IS SO ORDERED.**

6 DATED: August 31, 2009

7 _____
Honorable Janis L. Sammartino
8 United States District Judge