# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| WILLIE HAMPTON, CDCR #V-26407,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>J. YATES;<br>F. IGBINOSA,<br><br>　　　　　　　　　　Defendants. | Civil No.　1:08cv01493 JLS (AJB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)** |

## I.  PROCEDURAL BACKGROUND

Plaintiff, a state prisoner proceeding *pro se* first filed this civil rights action in Fresno County Superior Court alleging violations of his constitutional rights occurring at Pleasant Valley State Prison (PVSP). On October 8, 2008, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441(b).

On November 26, 2008, the case was assigned to this Court [Doc. No. 6]. On February 25, 2009, the Court *sua sponte* dismissed Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b), but granted Plaintiff an opportunity to amend [Doc. No. 8].On March 25, 2009, Plaintiff filed a First Amended Complaint (FAC) [Doc No. 9], and on March 31, 2009, the United States Marshal was directed to effect service on Plaintiff's behalf [Doc. No.

1 | 12].

2 | On August 24, 2009, Defendants filed a Motion to Dismiss Plaintiff's First Amended
3 | Complaint pursuant to FED.R.CIV.P. 12(b) [Doc. No. 15]. Defendants moved to dismiss solely
4 | on grounds that Plaintiff failed to exhaust administrative remedies prior to suit in accordance with
5 | 42 U.S.C. § 1997e(a). Pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-21 (9th Cir. 2003), the
6 | Court issued an Order, dated September 1, 2009 [doc. no. 16], notifying Plaintiff of Defendants'
7 | motion and advising him of his right to file an Opposition by November 5, 2009. Defendants
8 | were given an opportunity to file a reply to any Opposition by November 12, 2009.

9 | Plaintiff has failed to file an Opposition or statement of no opposition within the allotted
10 | time. The Court now considers the Defendants' Motion to Dismiss fully briefed and hereby
11 | issues its ruling without hearing or oral argument.

12 | **II.    STANDARDS OF REVIEW**

13 | **A.    FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a)**

14 | Defendants claim Plaintiff failed to exhaust available administrative remedies pursuant to
15 | 42 U.S.C. § 1997e(a) before bringing this suit, therefore, they seek dismissal under the "non-
16 | enumerated" provisions of FED.R.CIV.P. 12(b). The Ninth Circuit has held that "failure to
17 | exhaust nonjudicial remedies is a matter of abatement" not going to the merits of the case and is
18 | properly raised pursuant to a motion to dismiss, including a non-enumerated motion under
19 | FED.R.CIV.P. 12(b). *See Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365,
20 | 368-69 (9th Cir. 1988); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (finding a non-
21 | enumerated motion under Rule 12(b) to be "the proper pretrial motion for establishing non-
22 | exhaustion" of administrative remedies under 42 U.S.C. § 1997e(a)).[1] *Wyatt* also holds that non-
23 | exhaustion of administrative remedies as set forth in 42 U.S.C. § 1997e(a) is an affirmative
24 | defense which defendant prison officials have the burden of raising and proving. *Wyatt*, 315 F.3d
25 | at 1119. However, unlike under Rule 12(b)(6), "[i]n deciding a motion to dismiss for failure to

26 | 

---

27 | [1] In so finding, the Ninth Circuit also made clear that unlike a motion for summary judgment, "dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits."
28 | *Wyatt*, 315 F.3d at 1119 (citation omitted). Thus, if the court finds that the prisoner has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* (citing *Ritza*, 837 F.2d at 368 & n.3).

exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1120 (citing *Ritza*, 837 F.2d at 369).

### B. Exhaustion of Administrative Remedies Under 42 U.S.C. § 1997e(a)

The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). 42 U.S.C. § 1997e(a) has been construed broadly to "afford [ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case, *id.* at 525-26, and to encompass inmate suits about both general circumstances and particular episodes of prison life--including incidents of alleged excessive force. *Id.* at 532. Finally, "[t]he 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained," "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 738, 741 (2001); *see also McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (finding that prisoner's civil rights action must be dismissed without prejudice unless prisoner exhausted available administrative remedies *before* he filed suit, even if he fully exhausts while the suit is pending).

The State of California provides its prisoners and parolees the right to administratively appeal "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." CAL. CODE REGS., tit. 15 § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing CAL. CODE REGS. tit. 15 § 3084.5). The third or "Director's Level" of review "shall be final and exhausts all administrative remedies available in the Department [of Corrections.]" *See* Cal. Dep't of Corrections Operations Manual, § 54100.11, "Levels of

1 Review;" *Barry*, 985 F. Supp. at 1237-38; *Irvin v. Zamora*, 161 F. Supp. 2d 1125, 1129 (S.D. Cal. 2001).

## III.  DISCUSSION

Plaintiff's substantive claim is that, due to an outbreak of a fungal infection called Valley Fever at his prison, he contracted the infection and Defendants exhibited deliberate indifference to his medical needs by refusing his request for a transfer to avoid re-infection or a worsening of the infection.  (FAC at 3.)  Plaintiff states he exhausted his administrative remedies and asserts "the appeal was partially granted and screened out on the ground of procedural bar for further exhaustion."  (*Id.* at 2.)

As outlined above, the failure to exhaust administrative remedies is an affirmative defense under the PLRA which the Defendants must plead and prove.  *See Jones v. Bock, et al.* 594 U.S. 199, 216 (2007).  Here, to support their claim that Plaintiff did not exhaust his administrative remedies, Defendants submit two declarations from employees of the California Department of Corrections and Rehabilitation.  (*See* Grannis Decl. & Huckaby Decl.)  The first declaration is from N. Grannis, Chief of the Inmate Appeals Branch.  He states his division receives all inmate Director's-Level appeals (the third and final review required for exhaustion) and records them on a computer database known as the Inmate Appeals Tracking System (IATS) at Level III.  (Grannis Decl. ¶¶ 1-3.)  Grannis has attached a computer printout from his division that reflects Plaintiff did not file a third level review.  (*Id.* at ¶ 4.)  Defendants also provide the declaration of C. Huckaby, the custodian of IATS records of appeals at Plaintiff's particular prison, PVSP.  (Huckaby Decl. ¶¶ 1-2.)  Huckaby has attached two exhibits that reflect Plaintiff did not pursue his review of the transfer denial beyond the first formal level.  (*Id.* at 5-6.)

A prisoner's appeal may be "screened out" by a prison appeals coordinator on procedural grounds.  *See* Cal.Code Regs. tit. 15, § 3084.3.  This does not however excuse the prisoner from continuing to exhaust his administrative remedies because "[proper exhaustion] means ... a prisoner must complete the administrative review process in accordance with the applicable procedural rules ... as a precondition to bring suit in federal court."  *Woodford v. Ngo*, 548 U.S. 81, 91 (2006) ("[N]o adjudicative system can function effectively without imposing some orderly

structure on the course of its proceedings."). Here, the Defendants have also provided a copy of Plaintiff's inmate appeal form (Form CDC 602) which reflects that a PVSP doctor reviewed Plaintiff's first level appeal, directed Plaintiff to continue taking his current medications, and simply stated "Regarding Transfer. That is a custody issue." Below this decision, on the form, there is an instruction that provides, "If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response." Plaintiff's request for transfer was clearly not addressed with any satisfaction at this level but Plaintiff failed to express that dissatisfaction through the process outlined in the instruction.

Defendants have met their burden of showing that Plaintiff did not properly exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Despite being granted an opportunity to file an Opposition, Plaintiff has failed to rebut Defendants' proof.

**IV. CONCLUSION AND ORDER**

For all the foregoing reasons, **IT IS HEREBY ORDERED** that:

Defendants' Motion to Dismiss for failure to exhaust administrative remedies pursuant to FED.R.CIV.P. 12(b) [Doc. No. 15] is **GRANTED**. Plaintiff's First Amended Complaint is **DISMISSED** without prejudice.

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: December 3, 2009

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge

CC:   HONORABLE MAGISTRATE JUDGE ANTHONY J. BATTAGLIA
      ALL PARTIES AND COUNSEL OF RECORD